UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELIZABETH WEIR, ESQUIRE**<br>**293 Gundry**<br>**Falls Church, VA 22046**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**ELAINE CHAO, in her official**<br>**capacity as**<br>**SECRETARY OF U.S. DEPARTMENT**<br>**OF TRANSPORTATION,**<br>**1200 New Jersey Avenue, S.W.**<br>**Washington, D.C. 20590**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**(Employment Discrimination and Retaliation in Violation of the Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act)**

Plaintiff Elizabeth Weir, by her attorney John F. Karl, Jr., sues Elaine Chao, the Secretary of the U.S. Department of Transportation, in her official capacity and states:

1.      This is an action for Declaratory, Injunctive, Equitable and Monetary Relief for discriminatory and retaliatory actions that were taken against Elizabeth Weir because of her sex and age and because she engaged in protected activity in filing prior complaints of discrimination on the basis of sex and age against officials in the Office of the Chief Counsel of the Federal Aviation Administration ("FAA"), an Agency of the U.S. Department of Transportation, when these FAA officials refused to consider her for promotion to any of the twenty-two promotions at the same time it promoted twenty-two (22) "J-pay band" attorneys to "K-pay band" attorneys.

1

## I. Jurisdiction and Venue

2. This is an action for violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") that arises out of the discrimination and retaliation against plaintiff by the Federal Aviation Agency ("FAA") of the U.S. Department of Agriculture when the FAA failed and refused to extend to Ms. Weir the same opportunity to be considered or to apply for any of the twenty-two promotions to "K-pay band" that were filled at the same time, in 2017. This court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

3. Venue is proper in the District of Columbia, where Ms. Weir is currently employed in the FAA's Office of General Counsel at FAA headquarters and where her personnel records were kept.

## II. Parties

4. Plaintiff Weir is a career employee and an attorney with the Federal Aviation Administration ("FAA") of the U.S. Department of Transportation, who has worked for the FAA for more than 17 years. Ms. Weir is a woman who is 60 years old, who previously engaged in protected activity. Ms. Weir is a "J-pay band" attorney, at a salary which is roughly equivalent to a GS-14.

5. Ms. Weir graduated from Georgetown University Law Center in 1997 and after several years in private practice she joined the federal service as a career employee at the FAA in the Office of Chief Counsel's Airports Law Branch in 2003. Ms. Weir then moved to Office of Chief Counsel's International Law and Policy Division ("AGC") in 2011.

6. Defendant, the Secretary of Transportation, is sued in her official capacity for violations of Title VII and ADEA because her agents and employees discriminated and retaliated

against Ms. Weir because of her gender and her age and retaliated against her for prior EEO activity.

### III. Background Facts

7. Ms. Weir began her career at the FAA in 2003, as an Airports Aviation Attorney,(GS-0905-13) in the FAA's Office of Chief Counsel. She was promoted the next year to a GS-0905-14/J-band.

8. Eight years later, in May of 2011, Ms. Weir became an International Aviation Attorney in AGC's International Law and Policy Division. Ms. Weir reported to Michael Jennison, Assistant Chief Counsel, Division of International Law and Policy, who was her first level supervisor for nearly 7 years. Mr. Jennison held his position for twenty-seven years and was Ms. Weir's supervisor until he retired on January 3, 2018.

9. Mark Bury, Deputy Chief Counsel, served as Mr. Jennison's first level supervisor and Ms. Weir's second level supervisor beginning sometime in 2013. The FAA identified both Mr. Jennison and Mr. Bury as subjects of earlier EEO complaints.

10. Ms. Weir has served in an acting capacity as the Assistant Chief Counsel of Airports and Environmental Law Division; as the acting Manager of the Airports Law branch; as acting Assistant Chief Counsel for International Law and Policy; and also on one occasion as the Acting Chief Counsel.

11. Ms. Weir was held in such high regard that the Office of Airports, one of FAA's three lines of business, asked the Chief Counsel (sometime around March of 2015) to detail her to serve it in a Senior Executive Service ("SES") position as Acting Deputy Director of Airport Safety and Standards for the period of June-September 2015. Following her stint as the acting Deputy Director of Airport Safety and Standards, AGC asked her to speak about her experience during AGC's all

3

hands meetings with all of the FAA's attorneys.  At that time Deputy Chief Counsel Pat McNall introduced Ms. Weir as "one of the best and brightest attorneys in AGC."

12. Ms. Weir was fully qualified for the promotions at issue in this case because the FAA found that she had made the "Best Qualified" list for the Airports Law Branch Manager in June 2017, 2017 pursuant to vacancy announcement No. AWA-AGC-17-008JH-53186, which was an "L-pay band" position.  Since the FAA found that Ms. Weir was among the "Best Qualified" for L-pay band position, she was certainly qualified for "K-pay band" position.

13. Ms. Weir remains fully qualified for the promotions at issue in this case because the Transportation Security Administration ("TSA") also put her on its "Best Qualified" list for its vacancy, Assistant Chief Counsel International Law, in October 2018.  Ms. Weir went through multiple in-person rounds of interviews at TSA. Since the TSA found that Ms. Weir was among the "Best Qualified" for its Assistant Chief Counsel International Law, she is certainly qualified for a "K-pay band" senior attorney position at the FAA.

14. Ms. Weir was fully qualified for the promotions at issue in this case because the FAA has found that she made the "Best Qualified" list for the Deputy Assistant Chief Counsel for International Law and Policy in her own division pursuant to Announcement AWA-AGC-18-005JH-56935, which was posted on April 13, 2018 and closed on April 19, 2018.  Since the FAA found Ms. Weir among the "Best Qualified" to be Deputy in her Division, she is certainly qualified for a "K-pay band" senior attorney position at the FAA and especially in her own Division of International Law and Policy.

15. Mark Bury refused to give Ms. Weir money to attend an International Aviation Law class on the stated grounds that Ms. Weir could probably teach the class.  Since Mr. Bury found that

Ms. Weir was qualified to teach the class on International Aviation Law, she was certainly qualified for promotion to a "K-pay band" position.

16.     On November 29, 2016, Ms. Weir received an annual performance evaluation from her then supervisor Michael Jennison, the Assistant Chief Counsel. All thirteen of Ms. Weir's prior performance evaluations had been "Exceptional." Mr. Jennison sent to his supervisor Reggie Govan an earlier draft of Ms. Weir's performance evaluation for 2016, which had indicated Ms. Weir's overall job performance was satisfactory. Although Mr. Govan admitted in writing that he had not interacted with Ms. Weir on any work matter, he nevertheless directed Mr. Jennison to revise Ms. Weir's performance to reflect that her performance was not satisfactory and she failed to meet expectations. Afer Mr. Jennison revised Ms. Weir's evaluation, Mr. Govan approved the revised performance evaluation to fail her, stating "given Beth's prior matter, [he] agreed this is the only appropriate outcome." The "prior matter" to which Mr. Govan referred was a grievance submitted by Ms. Weir in which she made a complaint of disparate discipline and favoritism when male attorneys were treated more favorably than her.

17.     The November, 2016 evaluation that was conducted in a discriminatory and hostile fashion that applied unidentified, unpublished, undocumented and secret performance standards that were inconsistent with the AGC's Attorney Core Competencies then in effect. That review was 60 days late, and in violation of FAA's agreement with the Union, which required Mr. Jennison provide Ms. Weir notice of her right to have union representative present when the discussion included matters for discipline. Ms. Weir timely contacted an EEO Counselor in December, 2016 and timely filed a formal complaint of sex and age discrimination and retaliation on May 18, 2017. This case remains pending before the EEOC.

18. On June 26, 2017, following her interview, Ms. Weir was advised that she was not selected for a promotion to a position as Airport Law Branch Manager, which carried increased responsibility and a significant salary increase to an "L pay band." On July 7, 2017, Ms. Weir contacted an EEO Counselor and filed a formal complaint of sex and age discrimination and retaliation on October 6, 2017. James Lofton, Assistant Chief Counsel of Airports and Environmental Law Division, gave the promotion to a younger, less qualified male who appears, because of the manner in which the selection was made to have been preselected. Mr. Lofton was "guided" through a selection process filled with procedural irregularities by Deputy Chief Counsel Mark Bury, who had been named as a discriminating official in Ms. Weir's prior complaints of discrimination. This case remains pending before the EEOC.

19. The instant case arises out of Defendant's simultaneous promotion of twenty-two attorneys in 2017. Ms. Weir's supervisor, Mr. Jennison, refused to consider her for promotion to any position as a "K pay band" following the Chief Counsel's request to supervisors in the Office of General Counsel for recommendations for promotions and he did not forward her name.

20. Defendant promoted twenty-one less qualified younger attorneys who had significantly less legal and aviation law experience than Attorney Weir. Defendant promoted at least eight less qualified, younger male attorneys who had significantly less legal and aviation law experience than Attorney Weir. Defendant promoted twenty-one less qualified attorneys with significantly less legal and aviation law experience who, on information and belief, did not have active EEO complaints.

21. Rather than advertising the twenty-two positions, the FAA relied on nominations from the supervisors of "K-pay band" employees in violation of merit principles. The FAA adopted

this system to effectively bar Ms. Weir from consideration for any of the positions. The FAA rubber stamped the recommendations for promotion. If Mr. Jennison had nominated Ms Weir for promotion, she would have been promoted. As the Report of Investigation found, the twenty-two other attorneys were promoted solely on the recommendation of their Assistant Chief Counsels and not on the basis of any distinguishing qualifications or merit. If Mr. Jennison has forwarded Ms. Weir's name, then she would have been rubber stamped for promotion to the "K-pay band."

22. The only reasons the FAA has asserted to explain the refusal to consider her for these promotions are false, pretextual, and lacking in credible evidentiary support.

23. The FAA admits that Mr. Jennison's email communications during this time period were [REDACTED.] Although the FAA noted that Mr. Jennison [REDACTED,] the FAA conceded in pleadings filed before the EEOC that: [REDACTED.] Despite awareness of Mr. Jennison's shortcomings, the FAA continues to attempt to defend his discriminatory and retaliatory decisions.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Ms. Weir timely contacted an EEO Counselor and subsequently timely filed a formal Complaint in this matter. On June 19, 2018, the Department accepted Ms. Weir's claim that she was subjected to discrimination on the basis of her gender and age and in reprisal for her protected activity that included prior EEO activity in grievances that included allegations of sex discrimination and disparate discipline. The Department conducted an investigation. The Agency wrongfully dismissed Ms. Weir's claim of ongoing harassment creating a hostile work environment after mistakenly concluding that she failed to state a claim.

25. After the investigation of her complaint was completed, but before the Agency issued its Final Agency Decision, Ms. Weir timely requested a hearing before the EEOC on January 8, 2019, in the midst of a government-wide shutdown. The EEOC received Weir's request for a Hearing and assigned an EEOC judge to the matter.

26. On May 26, 2019, Defendant permitted the FAA to issue its Final Agency Decision ("FAD"). Pursuant to the instructions accompanying the FAD, Ms. Weir timely filed an appeal with the EEOC's Office of Federal Operations ("OFO") on May 30, 2019.

27. Although the EEOC received Weir's request for a Hearing, the FAA claimed that it was unable to locate such request. The FAA contended that Ms. Weir never served the agency with a copy of the request for a hearing. On April 2, 2020, the EEOC Judge assigned to this case, Judge Sharon E. Debbage Alexander, after hearing arguments from the parties, denied the Agency's Motion to Dismiss. Judge Alexander specifically found that: "Complainant provided proof of having served her hearing request upon the agency." Judge Alexander further found that "the evidence in the (EEOC's) electronic docket demonstrates the Agency had notice of the hearing request." Nevertheless, several weeks later, Judge Alexander dismissed Ms. Weir's request for a hearing on the grounds that her case was pending in EEOC's OFO.

28. On July 17, 2020, EEOC's OFO issued an order dismissing Ms. Weir's appeal as "premature." The EEOC Administrative Judge declined to take any further action on Ms. Weir's request for a hearing and her administrative complaint remains in limbo at the EEOC.

29. Ms. Weir has exhausted her administrative remedies and is entitled to proceed in court because more than 180 days have passed since she filed her formal complaint of discrimination.

## COUNT I
## (Retaliation in Violation of Title VII and ADEA)

30. Plaintiff Elizabeth Weir repeats and incorporates by reference all of the allegations set forth in ¶¶1 through 29 above.

31. Defendant's decision not to post vacancy announcements of any of the twenty-two promotions and to fill those positions secretly prevented Ms. Weir from applying for any of those positions. Defendant's reliance solely on the recommendation of Ms. Weir's supervisor Mr. Jennison secretly "black-balled" Ms. Weir and effectively prevented Ms. Weir from being considered for promotion to "K-pay band" because Mr. Jennison her supervisor stopped talking to her after Ms. Weir filed her EEO complaint and refused to meet with Ms. Weir to discuss performance related issues or to obtain feedback on Ms. Weir's job performance by gathering input from all of Ms. Weir's "internal clients" after she filed complaints of sex and age discrimination naming him as the discriminating official.

32. Defendant refused to allow Ms. Weir to be considered for promotion to any of the twenty-two "K-pay band" promotions pursuant to the Chief Counsel's blanket request to his management seeking nominations, which resulted in the promotion of more than 21 less experienced junior attorneys who were not engaged in protected activity or filed complaints of discrimination against his/her first and second level supervisors. AGC allowed Mr. Jennison to retaliate against Ms. Weir.

33. As a direct and proximate result of the Defendant's actions, Elizabeth Weir suffered lost income and benefits and suffered emotional distress and embarrassment, as well as incurring attorney's fees and other costs in vindicating her rights.

## COUNT II
### (Discrimination in Violation of the ADEA and Title VII)

34. Plaintiff Weir repeats and incorporates by reference all of the allegations set forth in ¶¶1 through 33 above.

35. Defendant denied Ms. Weir for all consideration for discriminatory reasons, because of her gender and/or her age and then denied her a fair opportunity for a promotion to which she was entitled by virtue of her qualifications and awarded such promotions to 19 junior attorneys, most of whom were male and significantly younger with significantly less aviation law expertise than Ms. Weir

36. As a direct and proximate result of the Defendant's actions, Elizabeth Weir suffered lost income and benefits and suffered emotional distress and embarrassment, as well as incurring attorney's fees and other costs in vindicating her rights.

## COUNT III
### (Hostile Environment in Violation of Title VII and the ADEA)

37. Plaintiff Weir repeats and incorporates by reference all of the allegations set forth in ¶¶1 through 36 above.

38. Defendant created and perpetuated the hostile work environment by marginalizing Ms. Weir's efforts and accomplishments, refusing to communicate with her or to respond to her requests for guidance, and blaming her for the mistakes and oversights of others because of her gender, age and prior protected activity.  Mr. Jennison took meaningful and high visibility work away from Ms. Weir and reassigned it to the males attorney in his division.  Mr. Jennison also disproportionally assigned the male attorney to projects with more international travel, which was desirable and career-enhancing and should have gone to Ms. Weir and the other senior female

attorney in the division.

39. As a direct and proximate result of the Defendant's actions, Elizabeth Weir suffered lost income and benefits and suffered emotional distress and embarrassment, as well as incurring attorney's fees and other costs in vindicating her rights.

## RELIEF REQUESTED

A. Declare defendant's policies and practices as described above violate the Title VII of the Civil Rights Act of 1964 and the ADEA;

B. Enjoin Defendant from engaging in employment practices and procedures that operate to discriminate on the basis of sex, age, and/or prior protected activity;

C. Retroactively promote Ms. Weir to "K band" Senior Attorney position effective January 22, 2017;

D. Award Ms. Weir back pay and benefits;

E. Award Ms. Weir compensatory damages in the amount of $300,000;

F. Award Ms. Weir costs, expenses, and reasonable attorney's fees; and

G. Grant Ms. Weir such other and further relief as the Court may consider just and proper.

Respectfully submitted,

　　/S/ John F. Karl, Jr.
John F. Karl, Jr. #292458
1025 Connecticut Avenue, N.W., Suite 615
Washington, D.C. 20036
(202) 293-3200
jfklaw@igc.org
Counsel for Plaintiff

## JURY DEMAND

Plaintiff respectfully requests a jury trial in the above matter.

/S/ John F. Karl, Jr.
John F. Karl, Jr. #292458
